■ SUSAN WELDON et al., Respondents, v VEPP REALTY, LLC, Appellant. [10 NYS3d 898]—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated October 15, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On December 24, 2008, the plaintiff Susan Weldon (hereinafter the injured plaintiff) allegedly sustained personal injuries when she slipped and fell in the parking lot of 994 Jericho Turnpike in Smithtown (hereinafter the subject property). Thereafter, the injured plaintiff, and her husband suing derivatively, commenced the instant action against the defendant, alleging that it was the owner of the subject property. Prior to conducting any discovery, the defendant moved for summary judgment dismissing the complaint, arguing that it was not the owner of the subject property. The Supreme Court denied the defendant's motion.

In support of its motion for summary judgment dismissing the complaint, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Lopez v City of New York, 259 AD2d 601 [1999]). In support of its motion, the defendant submitted, among other things, a recorded deed dated May 10, 2004, purporting to convey the subject property to it. Although the defendant contended that this deed contained an error as to the address listed thereon, the deed, as well as other evidence in the record, raises a triable issue of fact as to the defendant's ownership of the subject property. The defendant's failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.